## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:25 - mj - 243 - HTC

SERVISMED, LLC

_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between SERVISMED, LLC as the defendant, Todd Foster, Esq., as attorney for the defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the defendant.

### 2. TERMS

The parties agree to the following terms:

a.      The defendant will plead guilty to Count One (Conspiracy to Violate FIFRA) of the Information. The maximum penalties, under Count One, include up to one year imprisonment, a term of up to one year of supervised release, a fine of up to $50,000, a mandatory special monetary assessment of $25, restitution, and the

1



FILED IN OPEN COURT
8/14/25
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

forfeiture of assets.   As to Count One, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree to the following sentence:

1. The dissolution of SERVISMED, LLC.

2. Restitution to the Escambia County Sheriff's Office in the amount of $13,330.00.

3. Forfeiture of three shipping containers, and their contents, bearing numbers Shipment X20201102257017, Shipment X20201215595608, Shipment X20201224114486.

4. A $40,000.00 fine.

5. A $25.00 special monetary assessment.

b.      By voluntarily pleading guilty to the charge in the Information, the defendant, as to the count pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c.      The defendant is pleading guilty because the defendant is in fact guilty of the charge alleged in Count One of the Information. In pleading guilty, the

2

defendant acknowledges that were this case to go to trial, the government would present evidence to support the charge beyond a reasonable doubt.

d.      Upon the District Court's adjudication of guilt of the defendant for the charged crime, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the defendant (or its officers/representatives) arising out of the same transactions or occurrences to which the defendant has pled. The defendant agrees that substantial evidence exists to support the charge, as indicated in the agreed-upon Information that is incorporated by reference into this plea agreement.

e.      Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

f.      Both parties waive the preparation of a pre-sentence investigation report and agree to the above articulated sentence to be adjudicated at the time of the plea.

### 3. WAIVER OF DEFENSES AND APPEAL RIGHTS

Defendant agrees to waive any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the Information, or to the Court's entry of judgment against defendant and imposition of sentence upon defendant providing the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the Court's entry of judgment against

defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.    Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging the conviction or sentence in this case. If defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the defendant agrees to cooperate with the government. The parties agree to the Supplement to Plea Agreement entered in this case.

The defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

JOHN P. HEEKIN
United States Attorney

_____
TODD FOSTER
Attorney for Defendant
601 Bayshore Blvd., Suite 615
Tampa, Florida 33606

_____
DAVID L. GOLDBERG
Assistant United States Attorney

_____
SERVISMED, LLC
Defendant
By Corporate Counsel

_____8/14/25_____
Date

_____8/14/25_____
Date

5